LAW OFFICES OF LOYST P. FLETCHER
LOYST P. FLETCHER, ESQ. [SBN 175539]
NIRAL PATEL, ESQ. [SBN 323148]
loyst@lpfletcherlaw.com
555 West 5th Street, 35th Floor
Los Angeles, California 90013
Telephone:      (424) 231-2864
Facsimile:      (213) 402-7663

Attorney for Plaintiff
Ernest Brock

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| ERNEST O. BROCK | ) Case No. **1:18-cv-01615-DAD-EPG** |
| | ) |
| Plaintiff | ) |
| | ) **JOINT STIPULATION TO SUBMIT TO** |
| V. | ) **DEFENSE NEUROPSYCHOLOGICAL** |
| | ) **EXAMINATION; ORDER** |
| | ) |
| COUNTY OF FRESNO, FRESNO COUNTY | ) **DATE:** June 25, 2019 |
| SHERIFF'S OFFICE, AND DOES 1 | ) **TIME:** 8:00AM |
| THROUNG 20, | ) **LOCATION**: Fresno Neurobehavioral |
| | ) Associates |
| | ) 1660 East Herndon, Suite 150, |
| Defendants, | ) Fresno, Ca-93720 |

WHEREAS, the parties have agreed that Ernest Brock ("Plaintiff") has alleged a claim that he suffered a traumatic brain injury in the underlying incident; and

WHEREAS, the parties have agreed that Defendant COUNTY OF FRESNO (hereinafter collectively referred to as "Defendants") may conduct a single defense neuropsychological examination ("DME") of Plaintiff; and

WHEREAS, Defendants have retained Howard J. Glidden. Ph.D. for the purposes of performing a DME; and

WHEREAS, the following terms and conditions shall apply to the defense mental examination:

1. Plaintiff's exam with Howard J. Glidden. Ph.D. will take place on June 25, 2019, at 8:00 a.m., at Fresno Neurobehavioral Associates, 1660 East Herndon, Suite 150, Fresno, CA-93720. The defense neuropsychological examination is an official court proceeding expected to start on time on the day and time agreed to. Plaintiff will wait a maximum of thirty minutes for the timely commencement of the proceeding.

2. Plaintiff shall not be required to fill out any patient information forms of any type whatsoever, including, but not limited to "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers and releases and will not be asked to do so by the defense medical professional or his/her staff.

3. The Defense medical professional's office will not take any photographs, finger prints or other identification information from the Plaintiff, including, but not limited to license, Social Security number and home address.

4. Howard J. Glidden. Ph.D. shall conduct the examination of Plaintiff, which total examination (from start to finish and including any written testing) may take up to eight hours, with

Plaintiff able to take reasonable and appropriate breaks as needed. Said oral examination shall not delve into unrelated areas which are protected by the California Constitutional right of privacy:

   a.   Howard J. Glidden. Ph.D. is permitted to inquire concerning the general health of family members and the existence of medical or mental conditions, and whether treatment was received; however, Plaintiff is not to be questioned regarding the specifics of any treatment, names of treating physicians and details of the medical or mental conditions of family members, as the rights of privacy of third parties are in issue.

   b.   Plaintiff is not to be questioned concerning his conversations with his counsel, Loyst Fletcher or Niral Patel, or any person affiliated with his counsel or his counsel's offices, including but not limited to The Law Offices of Loyst Fletcher.

   c.   Plaintiff is not to be questioned concerning his counsel's evaluation of any of Plaintiff's claims against any of the Defendants, nor is Plaintiff to be questioned about any discussions Plaintiff has had with his counsel regarding such evaluations, as that is invasive of the attorney-client and attorney work product privileges.

   5.   The parties agree that the full and entire scope of this examination shall consist of a clinical interview and the following psychological tests:

   a.   Wechsler Adult Intelligence Scale-IV

   b.   Wechsler Memory Scale-IV

   c.   Digit Vigilance Test

   d.   Phoneme Discrimination Test

   e.   Facial Recognition Test

   f.   Judgment of Line Orientation Test (Form V)

   g.   Hooper Visual Organization Test

   h.   Motor Examination

---

JOINT STIPULATION TO SUBMIT TO NEUROPSYCHOLOGICAL EXAMINATION

i.  Trail Making Tests A & B

j.  Rey-Osterreith Complex Figure Test

k.  Token Test

l.  Boston Naming Test

m.  California Verbal Learning Test-3

n.  Halstead-Reitan Neurological Battery

o.  National Center for Post Traumatic Stress Disorder

p.  Brief Visuospatial Memory Test-Revised

q.  Controlled Word Association Test

r.  Animal Naming Test

s.  Wide Range Achievement Test-IV

t.  Design Fluency Test

u.  Reitan-Klove Sensory-Perceptual Examination

v.  Minnesota Multiphasic Personality Inventory-2 RF

w.  Wisconsin Card Sorting Test

x.  Tower Test

y.  Patient Pain Profile

z.  Stroop Color and Word Test

aa. Beck Depression Inventory-II

bb. Beck Anxiety Inventory

cc. Clinician Administered PTSD Scale

dd. Performance Validity Tests

ee. Mental Status Examination

ff.  Pre-Test Interview

6.      At the conclusion of any testing of Plaintiff by Howard J. Glidden. Ph.D., a copy of the actual test pages, raw data generated and all test results regarding Plaintiff shall be exchanged simultaneously with Plaintiff's neuropsychologist expert. With respect to the raw data generated and all test results regarding Plaintiff (hereinafter "Data"), the parties agree to the following:

a.      Access to Data and testimony concerning Data is limited to Plaintiff's Neuropsychologist, Dr. Randall Epperson, and Defendant's examiner, Dr. Howard Glidden.

b.      Use of Data is limited to only that which is required for the resolution of the pending action;

c.      At the conclusion of the proceeding, any Data in Defendants' counsel's possession will be destroyed, along with all copies thereof, save Data in possession of Howard J. Glidden. Ph.D.; and

d.      The record will be sealed to the extent any portion of Data is disclosed in pleadings, testimony, exhibits, or other documents which would otherwise be available for public inspection.

7.      Plaintiff shall be entitled to take reasonable breaks during the examination process, including, but not limited to taking a lunch break, rest breaks and bathroom breaks. If at any time during the proceedings, Plaintiff feels in reasonable good faith that the proceeding has become abusive, he will immediately notify his counsel or other designated representative in order to try to resolve the matter at that time. Plaintiff has the right to terminate the proceeding and seek a protective order from the Court. If the parties are unable to resolve the issue, should the Court order that the DME be reconvened, Defendants will have up to 8 hours, not including reasonable and appropriate breaks and lunch, to complete the examination originally ordered by the Court, but not any additional time.

---

JOINT STIPULATION TO SUBMIT TO NEUROPSYCHOLOGICAL EXAMINATION

8.      Howard J. Glidden. Ph.D. and/or staff will allow the making of an audio recording of the interview portion of the examination only and not the testing portion. Any audio recordings taken will be forwarded directly to Plaintiff's and Defendant's counsel. The defense medical professionals and their staff will accommodate all reasonable requests to accomplish the recording, including, but not limited to taking any necessary breaks during the interview portion of the examination; taking a break if technical difficulties arise; making available all other reasonable accommodations to allow the effective recording of the interview portion of defense mental examination as provided by Federal Rules of Civil Procedure Rule 35.

9.      Plaintiff's agreement to submit to this examination is contingent on the agreement by all Defendants that they will not schedule any other examinations by any other doctors in the same areas of this examination. By proceeding with the examination, it will be deemed that Defendants have agreed to this condition and all other conditions set forth herein.

10.      Defendants are to immediately transmit a copy of this Stipulation to Howard J. Glidden. Ph.D. to promptly advise him that he must comply with the limitations imposed by this stipulation and by proceeding with the exam Dr. Howard J. Glidden will be deemed to have consented to its terms.

11.      Defendants shall produce to Plaintiff's counsel the written reports of Howard J. Glidden. Ph.D. (and any related reports of psychological testing whether done by computer scoring, hand scoring or anyone else) by fax or hand delivery within ninety days of the examination in keeping with Federal Rules of Civil Procedure Rule 35, which requires that "a detailed written report setting out the history, examinations, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner" be provided to the examined party. Please take notice that Plaintiff will move to exclude Howard J. Glidden. Ph.D. from testifying as to any "prognoses, diagnoses and conclusions" that are not timely provided in writing to Plaintiff in

compliance with Federal Rules of Civil Procedure Rule 35. Defendants reserve the right to object to any such motion and do not stipulate to relieve Plaintiff of any obligation to engage in a meet and confer and reserve all rights to challenge such a motion on any grounds.

12.     The tests taken by Plaintiff as part of the DMEs, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by Howard J. Glidden. Ph.D. are confidential medical records relating to Plaintiff's mental health. These records are confidential and shall not be subject to distribution without the written authorization of the Plaintiff to anyone except for counsel for Defendants, counsel's experts or consultants, counsels' staff, defendants, and the insurance carriers, who shall treat these documents as confidential and subject to a protective order. Said records may be used by defense counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose unrelated to this litigation.

13.     Plaintiff reserves the right to argue that any information acquired or learned or any evaluation made in violation of this agreement will not be admissible in evidence for any reason. The parties further agree that the court may, upon motion at trial, strike, preclude or limit any testimony of the examiner as appropriate and Plaintiff is not waiving his right to such relief by agreeing to this examination. The parties reserve the right to seek whatever sanctions they deem appropriate.

14.     This agreement represents the entire and complete scope of the agreement between Plaintiff and Defendants for the Defense Neuropsychological Examination of Plaintiff. No oral or implied statements or representations are part of this agreement. This agreement may be modified or changed only upon the express written statement of all parties to this agreement.

15.     Nothing herein shall be construed as a waiver of Plaintiff or his family's privacy rights, medical privacy rights, doctor patient privileges, psychotherapist patient privileges. Nothing

herein shall be construed as a waiver of Plaintiff's right to challenge the admissibility or

appropriateness any opinion or contention.

READ AND AGREED ON BEHALF OF THE PARTIES BY THEIR RESPECTIVE COUNSEL:


DATED:  May 17, 2019                          LAW OFFICES OF LOYST P. FLETCHER


                                              By: _____
                                                  Loyst P. Fletcher
                                                  Attorneys for Ernest Brock



DATED: May 1̶7̶, 2019  [23]                    WEAKLY & ARENDT



                                              By: _____
                                                  Jim Weakly   JAMES D. WEAKLEY
                                                  Attorney for County of Fresno

---

JOINT STIPULATION TO SUBMIT TO NEUROPSYCHOLOGICAL EXAMINATION

**ORDER**

Pursuant to Plaintiff Ernest Brock's and Defendant County of Fresno's Stipulation and for good cause shown, the above Stipulation is accepted, adopted and made the Order of the Court.


IT IS SO ORDERED.


DATED: _____          _____
                                                        UNITED STATES MAGISTRATE

**CERTIFICATION OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Alfredo Lopez, declare as follows:

I am employed in Los Angeles, California and a citizen of the United States. I am over the age of eighteen (18) years old and am not a party to this action; my business address is 555 W. 5th St. Los Angeles, CA - 90013. Parties may access this filing through the Court's ECF system.

On **May 28, 2019** I served this document described as:

**JOINT STIPULATION TO SUBMIT TO DEFENSE NEUROPSYCHOLOGICAL EXAMINATION; ORDER**
    on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Weakley v. Arendt<br>Jim Weakly<br>5200 N. Palm Ave., Ste. 211<br>Fresno, CA 93704<br>Phone: (559) 221-5256 | Attorney for Defendant<br>County of Fresno |

__X__         (**BY MAIL**) – The envelope was mailed with postage thereon fully prepaid. I am "readily" familiar with the company's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

_X___         (**BY ELECTRONIC MAIL**) – I served a copy of the above-listed document(s) by transmitting via electronic mail (e-mail) to the electronic service address(es) listed above  on the date indicated.

**[   ]         STATE** – I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

**[ X ]         FEDERAL** – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 28, 2019

_Alfredo Lopez_
Alfredo Lopez