UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O'NEIL RAHKIN BROCK, | No. 1:18-cv-01615-DAD-EPG |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT KAREN NORRIS AS GUARDIAN *AD LITEM* |
| COUNTY OF FRESNO, on behalf of Fresno County Sheriff's Department, | |
| Defendant. | (Doc. No. 16) |

On October 10, 2019, plaintiff Ernest O'Neil Rahkin Brock filed a motion requesting that Karen Norris, his grandmother, be appointed his guardian *ad litem* in this action due to plaintiff's incapacitation and incompetence as a result of having suffered a traumatic brain injury. (Doc. No. 16.) The motion is unopposed.

A person's capacity to sue or be sued is determined by the standard of the law of his domicile, which here is California law. *See* Fed. R. Civ. P. 17(b)(1). "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citations omitted). Evidence of incompetence can be drawn from various sources, including: "a report of mental disability by a government agency; the sworn declaration of the person or those who know him; the

1

representations of counsel; diagnosis of mental illness; a review of medical records; the person's age, illnesses, and general mental state; and the court's own observations of the person's behavior, including the person's 'manner and comments throughout the case' that suggest he does not 'have a grasp on the nature and purpose of the proceedings[.]'" *Id.* The evidence "must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings." *Owens v. Degazio*, No. 2:16-cv-2750J-AMK-JNP, 2019 WL 5959894, at *2 (E.D. Cal. Nov. 13, 2019) (citations omitted). Normally, the decision to appoint a guardian *ad litem* is "left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986).

Here, plaintiff petitions the court to appoint Karen Norris as his guardian *ad litem* to represent him and protect his rights in this action. (Doc. No. 16.) According to a declaration by Loyst Fletcher, plaintiff's counsel, plaintiff requires a guardian *ad litem*, *see* Eastern District Local Rule 202(a), because of his incapacitation as a result of a traumatic brain injury he suffered while in prison and which is the subject of this action. (Doc. No. 16, Fletcher Decl. at ¶ 2–3.) Plaintiff currently resides with Norris, his grandmother, who "meets all the qualifications required by this Court for guardian *ad litem*, is ready, willing, and able to represent Plaintiff in this action to the best of her ability, and is fully competent to understand and protect Plaintiff's rights." (Doc. No. 16 at 3; Fletcher Decl. at ¶ 4.) Norris also has no interests adverse to those of plaintiff and is not connected in her business with any adverse party. (*Id.*)

Finding good cause:

1. The motion to appoint a guardian *ad litem*, (Doc. No. 16), is granted; and
2. Karen Norris is appointed guardian *ad litem* for plaintiff Ernest O'Neil Rahkin Brock.

IT IS SO ORDERED.

Dated: **November 19, 2019**

                                                UNITED STATES DISTRICT JUDGE