UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O'NEIL RAHKIN BROCK, *guardian ad litem Karen Norris*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO ON BEHALF OF FRESNO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No.   1:18-cv-01615-LHR-EPG<br><br>ORDER PERMITTING SUPPLEMENT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENT<br><br>(ECF No. 80) |

In this civil action, Plaintiff Ernest O'Neil Rahkin Brock, an incompetent adult, proceeds through his guardian ad litem (and grandmother) Karen Norris. He brings federal and state law claims, alleging that Defendant County of Fresno is liable for the injuries he suffered after a fellow inmate at the Fresno County Jail assaulted him.

The parties have settled the case, and Plaintiff now moves the Court to approve his proposed settlement. (ECF No. 80). On April 25, 2025, the Court heard oral argument on the motion and gave Plaintiff permission to file a supporting supplemental brief and evidence to address issues raised at the hearing, including the following issues:

1. The anticipated amount of the Medi-Cal lien, which Plaintiff requests permission to pay from the establishment of a pooled special needs trust. (ECF No. 80, p. 18); *see* Cal. Prob. Code § 3604(b) (setting forth requirements to establish a special needs trust, including that the funds "to be paid to the trust do[] not exceed the amount that appears reasonably

1

necessary to meet the special needs of the minor or person with a disability").

2. Evidenced supporting the request that the Guardian Ad Litem Karen Norris and Plaintiff's mother, Tabitha Rankin, each receive $20,000 from the settlement proceeds. (ECF No. 80, p. 7).

3. Whether the proposed purchase of an annuity implicates and complies with Cal. Prob. Code § 3611(b) (providing for purchase of "single-premium deferred annuity" for incompetent person); § 3602(c)(1) (same); and § 1446 (defining "single-premium deferred annuity" as "an annuity offered by an admitted life insurer for the payment of a one-time lump-sum premium and for which the insurer neither assesses any initial charges or administrative fees against the premium paid nor exacts or assesses any penalty for withdrawal of any funds by the annuitant after a period of five years").

4. An estimate of the monthly expenses that Plaintiff is likely to incur. (ECF No. 80, p. 5).

5. Support for the reasonableness of the attorney fees requested, including any billing records reflecting amount of time expended and/or work performed. (ECF No. 80, p. 14).

6. A disclosure of attorney's interest under Local Rule 202(c).

Accordingly, IT IS ORDERED as follows:

1. By no later than May 30, 2025, Plaintiff's counsel has leave to file a supplement addressing the above issues that shall be no longer than 10 pages (excluding any attached exhibits and supporting evidence).[1]

IT IS SO ORDERED.

Dated:   **April 25, 2025**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Additionally, the parties are reminded that they may voluntarily consent to United States Magistrate Judge jurisdiction, for purposes of this motion or for the entire case, but they are free to withhold consent without adverse substantive consequences.