UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST O'NEIL RAHKIN BROCK, *guardian ad litem Karen Norris*,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO ON BEHALF OF FRESNO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | Case No.   1:18-cv-01615-LHR-EPG<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE FINDINGS AND RECOMMENDATIONS AS NO LONGER PENDING<br><br>(ECF No. 89)<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR APPROVAL OF PROPOSED SETTLEMENT<br><br>(ECF Nos. 80, 88) |

In this civil action, Plaintiff Ernest O'Neil Rahkin Brock, an incompetent adult, proceeds through his guardian ad litem, and grandmother, Karen Norris. He brings federal and state law claims, alleging that Defendant County of Fresno is liable for the injuries he suffered after a fellow inmate at the Fresno County Jail assaulted him.

The parties settled the case, and Plaintiff moved the Court to approve his proposed settlement. (ECF Nos. 80, 88). After the presiding District Judge referred the motion, the undersigned issued findings and recommendations on June 5, 2025, concluding that the proposed settlement was fair and reasonable and in Plaintiff's best interests, with the exception that it recommended that the amount of attorney's fees paid out of the settlement be reduced. (ECF No. 89). Accordingly, the undersigned recommended that Plaintiff's motion to approve the settlement be granted, in part.

1

Neither party filed objections; rather, the parties subsequently filed a stipulation consenting to the undersigned issuing a final order regarding their proposed settlement. (ECF No. 90). On June 25, 2025, the presiding District Judge issued an order approving the stipulation and referring the matter to the undersigned "for purposes of ruling on the motion to approve settlement agreement." (ECF No. 91).

Accordingly, for the reasons contained in the Court's findings and recommendations issued on June 5, 2025 (ECF No. 89), IT IS ORDERED as follows:

1. As the parties have consented to the undersigned addressing Plaintiff's motion for approval of the parties' settlement, the Clerk of Court is directed to terminate the June 5, 2025 findings and recommendations (ECF No. 89) as no longer pending.

2. The motion for approval of proposed settlement (ECF Nos. 80, 88) is GRANTED, IN PART.

3. The gross settlement between Defendants and Plaintiff of $3,000,000 is deemed fair and reasonable.

4. The settlement amount shall be apportioned as follows:

    a. Attorney's fees of $990,000 to Plaintiff's counsel;

    b. Litigation Costs of $180,525.81;

    c. Payment of $1,250,000 to PASSCorp to fund future periodic payments through a structured settlement annuity contract that the periodic payments will, in turn, be payable to Legacy Enhancement Trust as Trustee ("TTEE") fbo Ernest O'Neil Rankin Brock in monthly payments for life;

    d. Payment of $579,474.19 to Legacy Enhancement Trust to establish a Pooled Special Needs Trust ("PSNT"). This includes the fees to be charged by the law firm of Hunsberger Dunn that works with Legacy Enhancement Trust in establishing the trust; funds available to pay, if required, Medi-Cal to satisfy its lien, funds to purchase a residence for Plaintiff and funds to meet initial expenses in setting up the home. Pending further order from this Court or from a state court having oversight of those funds, Legacy may disburse from the trust only those amounts needed to establish and maintain the trust.

5. Defendant is directed to pay the settlement amount to Plaintiff's counsel within thirty days of the entry of this order.
6. Plaintiff's counsel is directed to allocate the settlement amount as set forth in this order by no later than 30 days from receipt.
7. The parties are ordered to submit an appropriate dispositional document within seven days after Defendant's payment of the settlement amount.

IT IS SO ORDERED.

Dated:  **June 26, 2025**                           /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE